IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RON BEHAR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. CIV-07-179-C |
| ) | |
| UNDERWRITERS AT LLOYDS, ) | |
| LONDON d/b/a INTERNATIONAL ) | |
| SPECIAL EVENTS AND RECREATION ) | |
| ASSOCIATION, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs filed this diversity action against Defendant alleging that Defendant failed to defend and/or indemnify Plaintiffs in a negligence lawsuit, as required by the insurance policy between Plaintiffs and Defendant, and that the failure was a breach of Defendant's duty to deal with its insured fairly and in good faith. (Dkt. 1, Compl.) The underlying negligence suit, filed in this court, involved the death of an employee of Plaintiffs' business, Sun 'n Fun Water Park L.L.C., at an after-hours party at the park in Ponca City, Oklahoma. (Case No. CIV-06-433-R, Dkt. No. 1.) The parties settled that suit, and in February 2007 the case was dismissed with prejudice upon joint stipulation. (Id., Dkt. Nos. 73 & 74).

In July 2006, Defendant had filed a declaratory judgment action in a state court in Utah to determine whether there was coverage available to Plaintiffs (or others) under the insurance policy. Plaintiffs had recently purchased the water park, and, apparently, although documents had been executed by the former owners in favor of Plaintiffs and payments had been made, no written request for the assignment had been requested of Defendant, as required by the

policy. Following settlement of the negligence case, the declaratory judgment action was dismissed without prejudice. Defendant contends that it has recently re-filed its suit seeking a declaratory judgment of no coverage in response to this action having been filed. (Dkt. No. 10, Mot. to Dismiss, at 2.)

Defendant now moves to dismiss and/or stay these proceedings. First, Defendant argues that Plaintiffs do not have standing to prosecute because they have filed for bankruptcy and the real party in interest is the bankruptcy trustee. Second, Defendant suggests that federal law and the policy's forum selection clause makes Utah the favored forum. Plaintiffs have responded. For the reasons explained below, the Court finds that neither dismissal nor abstention is warranted.

Federal Rule of Civil Procedure 17(a) requires that "[e]very action . . . be prosecuted in the name of the real party in interest." Plaintiffs concede that the bankruptcy trustees are the real parties in interest and indicate that they will seek leave to substitute. (Dkt. No. 11, Pls.' Resp. at 4.) Rule 17(a) specifically states that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. . . ." Therefore, Plaintiffs will be given a reasonable period of time to substitute the bankruptcy trustees. Defendant's request for dismissal for lack of standing is denied.

Defendant also makes a number of arguments for why Utah is the favored forum for this dispute. It contends that under the Federal Risk Retention Act, 15 U.S.C. §§ 3901, et seq.,

a risk purchasing group like Defendant is "generally only subject to the insurance laws and regulations of the state in which it is organized and chartered," or Utah in this instance. (Mot. to Dismiss at 8.) Defendant also argues that all of the policies and contracts it issues contain a jurisdiction and venue selection provision that states all coverage issues must be litigated in Utah and in accordance with Utah law. Defendant further indicates that this case should be stayed or dismissed for reasons of efficiency so that the coverage issue may be decided by the Utah court. None of these arguments support the relief requested.

The Federal Risk Retention Act provides that, subject to exceptions, "a risk retention group is exempt from any State law, rule, regulation, or order to the extent that such law, rule, regulation, or order would make unlawful, or regulate, directly or indirectly, the operation of a risk retention group." 15 U.S.C. § 3902(a)(1). However, the jurisdiction in which it is chartered may regulate the formation and operation of such a group and any state may require the group to comply with unfair claims settlement practices law and to comply with laws regarding deceptive, false, or fraudulent actions. Id. (a)(1)(A) & (G). Thus, not all non-domiciliary state law is pre-empted. And even if Utah law applies rather than Oklahoma law, a position Defendant has not supported, the Court's jurisdiction over the breach of contract and bad faith claims asserted here is unaffected.

Defendant has also failed to carry its burden of showing that dismissal is warranted based on a forum selection clause. Defendant argues that:

> all pertinent policies issued by [Defendant] and all pertinent contracts entered into between [Defendant] and its members contain a jurisdiction and venue selection provision wherein the parties have agreed that all issues relating to

3

> coverage and any pertinent contracts must be litigated in a court within the State of Utah and that Utah law will be applied.

(Mot. to Dismiss at 8.) Yet, it fails to attach evidence of such language in the pertinent policy.

A motion to dismiss based on a forum selection clause is typically analyzed as one for improper venue under Rule 12(b)(3). K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft, 314 F.3d 494, 497 (10th Cir. 2002). Forum selection clauses may be either "mandatory" or "permissive," and that characterization is determinative for purposes of venue. See id. Mandatory clauses contain "'clear language showing that jurisdiction is appropriate only in the designated forum.'" Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc., 428 F.3d 921, 926 (10th Cir. 2005) (citation omitted). When a jurisdiction is simply specified, the clause will not be enforced as mandatory absent "some additional language indicating the parties' intent to make venue exclusive." Id. at 927. Ambiguous clauses, that might be deemed either mandatory or permissive, are construed against the drafter. K & V Scientific, 314 F.3d at 500.

Plaintiffs attach a one-page document to their Response, purportedly from the policy between them and Defendant, that includes the following "Forum Selection and Consent to Jurisdiction":

> The Participating Member represents that they have purposefully directed their actions to procure the insurance services of the Insurer contained in this Coverage Contract and has and/or will make continuous and systematic requests for the Insurer's services on their behalf, and acknowledges that the Insurer's principal place of business is Utah. The Participating Member acknowledges that by entering into this Agreement the Participating Member is deemed to be transacting business within the State of Utah, and the Participating Member consents to the jurisdiction of the courts of the State of

> Utah to hear and decide claims or disputes arising between the parties related to coverage issues and any payments due the Participating Member under the Coverage Contract.

(Dkt. No. 11 Ex. 2.)  Accepting Plaintiffs' representation that this is the relevant forum selection language, the Court finds that the clause is permissive rather than mandatory. Although the insured consents to the jurisdiction of Utah courts, no obligatory or mandatory language is used to indicate an intent to make venue exclusive.  Therefore, dismissal under Rule 12(b)(3) is not appropriate.

Finally, the economy, judicial and otherwise, of having Plaintiffs' claims proceed in conjunction with the coverage issue to be litigated in Utah does not require dismissal or a stay of this case.  A federal court may decline jurisdiction in favor of a parallel state court suit in extraordinary circumstances and "[o]nly [when] the clearest of justifications . . . warrant dismissal." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 819 (1976). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." Allen v. Bd. of Educ., Unified Sch. Dist. 436, 68 F.3d 401, 403 (10th Cir. 1995) (quotations omitted).  Possessed of concurrent jurisdiction over a duplicative action, a federal court will consider the following factors:  (1) whether either court has assumed jurisdiction over a single res; (2) the relative convenience of the fora; (3) the avoidance of piecemeal litigation; (4) the order in which the courts obtained jurisdiction and the progress of the two cases; (5) which forum's substantive law governs the merits of the litigation; and (6) the adequacy of the state forum to protect the rights of the parties.  Colo. River, 424 U.S.

at 819; Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23, 26 (1983); see also Rienhardt v. Kelly, 164 F.3d 1296, 1303 (10th Cir. 1999) (identifying four factors).

Defendant notes that "[t]he resolution of the declaratory action filed in Utah will resolve or effectively moot the coverage issues raised in this pending action before this Court" (Mot. to Dismiss at 9), but does not attempt to analyze the factors identified above. In this situation, the Court finds that the extraordinary relief requested is unwarranted. The claims and issues to be litigated in each case are distinct. And despite the overlap on the issue of coverage, the Court will retain jurisdiction over this properly instituted action. Plaintiffs and the underlying events bear a strong connection to Oklahoma. The claims appear to be asserted under Oklahoma law, and this suit was filed before Defendant re-filed its abandoned declaratory judgment action. In sum, whatever favored status Utah might enjoy as a forum for disputes between Defendant and its insureds generally, that is not enough to stay this case.

Accordingly, Defendants' [sic] Motion to Dismiss and/or Stay Proceedings (Dkt. No. 10) is DENIED. Plaintiffs have until May 4, 2007, to initiate substitution of the real parties in interest, after which time Defendant may renew its motion or raise additional objections.

IT IS SO ORDERED this 18th day of April, 2007.

_____
ROBIN J. CAUTHRON
United States District Judge